EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
JONATHAN GALATZAN
Assistant United States Attorney
Asset Forfeiture Section
California Bar No. 190414
    Federal Courthouse, 14th Floor
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2727
    Facsimile: (213) 894-7177
    E-mail: Jonathan.Galatzan@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CV 16-00048 |
| Plaintiff, | VERIFIED COMPLAINT FOR FORFEITURE |
| v. | |
| $34,125.00 IN U.S. CURRENCY, | [21 U.S.C. § 881(a)(6)] |
| Defendant. | [D.E.A.] |

    Plaintiff United States of America brings this claim against defendant $34,125.00 in U.S. Currency, and alleges as follows:

## JURISDICTION AND VENUE

1. The government brings this in rem forfeiture action pursuant to 21 U.S.C. § 881(a)(6).

2. This Court has jurisdiction over the matter under 28 U.S.C. §§ 1345 and 1355.

3. Venue lies in this district pursuant to 28 U.S.C. § 1395(a).

## PERSONS AND ENTITIES

4. The plaintiff in this action is the United States of America.

5. The defendant in this action is $34,125.00 in U.S. Currency (the "defendant currency") seized on or about May 22, 2013, during a traffic stop conducted on a vehicle driven by Juan Ernesto Villapudua-Felix in Los Angeles, California.

6. The defendant currency was seized by law enforcement officers and is currently in the custody of the United States Marshals Service in this District, where it will remain subject to this Court's jurisdiction during the pendency of this action.

7. The interests of Juan Ernesto Villapudua-Felix and Lizette Guerero may be adversely affected by these proceedings.

## BASIS FOR FORFEITURE

8. On May 22, 2013, San Bernardino County Sheriff's Department deputies observed a silver GMC Canyon truck, bearing California license plate 8H30573[1], making abrupt land changes without signaling and cutting off other vehicles on Interstate 5 in Los Angeles, CA. The deputies initiated a traffic stop of the vehicle just prior to the Calzona Avenue exit.

9. The deputies identified Juan Ernesto Villapudua-Felix ("Villapudua-Felix") as the driver and sole occupant of the vehicle. During the encounter, investigators obtained verbal and written consent to search the GMC truck, resulting in the discovery and seizure of $34,125.00 in U.S. currency (i.e., the defendant currency) concealed

---

[1] The registered owners of the vehicle were listed as Juan Ernesto Villapudua or Lizette Lesly Guerrero.

inside of a shopping bag behind the driver's seat of the vehicle. The currency was pre-packaged and tied together with rubber bands in different denominations, which is consistent with the packaging of illicit proceeds of narcotics trafficking. Villapadua-Felix disclaimed ownership of the defendant currency and stated that he was on his way to drop off the defendant currency. Investigators then transported Villapudua-Felix to his residence in Downey, California, where Villapudua-Felix granted verbal and written consent to search the residence. That search resulted in the seizure of approximately one pound of marijuana and two bundles of suspected cocaine concealed within a cardboard box located within the garage. Investigators also discovered one firearm located on the top shelf of the master bedroom closet.

10. While in his residence, Villapudua-Felix told investigators that at the time his vehicle was stopped, he was going to downtown Los Angeles to deliver the defendant currency. Villapudua-Felix denied knowing the source of the currency or to whom it belonged. Villapudua-Felix admitted that he was going to get paid approximately $700.00 to $1,000.00 to deliver the money and admitted that it was probably not a good idea to transport money about which he knew nothing.

11. Based on the above, plaintiff alleges that the defendant currency represents or is traceable to proceeds of illegal narcotic trafficking or was intended to be used in one or more exchanges for a controlled substance or listed chemical, in violation of 21 U.S.C. § 841 et seq. The defendant currency is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, plaintiff United States of America prays that:

(a) due process issue to enforce the forfeiture of the defendant currency;

(b) due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed;

(c) this Court decree forfeiture of the defendant currency to the United States of America for disposition according to law; and

(d) for such other and further relief as this Court may deem just and proper,

3

together with the costs and disbursements of this action.

Dated: January 4, 2016

EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

_____
JONATHAN GALATZAN
Assistant United States Attorney

Attorneys for Plaintiff
United States of America

## VERIFICATION

I, Michael A. Gagnon, hereby declare that:

1. I am a Special Agent with the Drug Enforcement Administration and the case agent for the forfeiture matter entitled <u>United States of America v. $34,125.00 in U.S. Currency</u>.

2. I have read the above Verified Complaint for Forfeiture and know its contents. It is based upon my own personal knowledge and reports provided to me by other law enforcement agents.

3. Everything contained in the Complaint is true and correct, to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed December 31, 2015 in Riverside, California.

MICHAEL A. GAGNON